KATHARINA S. ERNST, Exrx.

*v.*

NICHOLAS J. SCHMITZ, Exr.

*Opinion filed February 17, 1904.*

1. APPEALS AND ERRORS—*effect where all evidence in chancery case is not preserved.* It will be presumed, on appeal in a chancery case, that the evidence was sufficient to sustain the chancellor's findings, where all of the evidence is not preserved in the record and the recitals of fact in the master's report and in the decree justify the decree entered.

2. SAME—*abstract of record should be indexed.* Under rule 14 of the Supreme Court the abstract of record must be furnished with a complete index, alphabetically arranged, and it is not sufficient that a meager index of the record itself is printed in the abstract.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. O. H. HORTON, Judge, presiding.

This is an appeal from the judgment of the Appellate Court for the First District affirming the decree of the circuit court of Cook county rendered upon a bill filed in that court by Mathias Schmitz against Joseph H. Ernst and Andrew J. Ernst, administrator of the estate of Adolph C. Ernst, deceased, for the dissolution of the partnership, which had existed for many years prior to the filing of the bill, between said Mathias Schmitz and Joseph H. and Adolph C. Ernst in the real estate and loan business in the city of Chicago, and for an accounting. Answers and replications were filed, and Joseph H. Ernst filed a cross-bill. The case was referred to a master in chancery to take proofs and report his conclusions as to the law and the facts. Subsequent to the filing of the bill Mathias Schmitz died, and his executor, Nicholas J. Schmitz, was substituted as complainant. Joseph H. Ernst has also died, and his executrix, Katharina S. Ernst, has been substituted as defendant. The firm was

organized in the year 1872.   Adolph C. Ernst became a
member thereof in 1890 and it continued in active business
until 1899.   The master reported that Joseph H. Ernst
was indebted to Mathias Schmitz in the sum of $2685.08
and Andrew J. Ernst was indebted to Mathias Schmitz
in the sum of $1556.94, and it was decreed that said sums
be paid to Nicholas J. Schmitz, as executor of Mathias
Schmitz, deceased, by their respective personal repre-
sentatives in the due course of administration.   Katha-
rina S. Ernst, as executrix, alone prosecuted an appeal.

ERNEST SAUNDERS, for appellant.

ARNOLD TRIPP, for appellee.

Mr. CHIEF JUSTICE HAND delivered the opinion of the
court:

The findings of the master and chancellor are chal-
lenged on the ground that they find no support in the
evidence.   On looking into the record we find that all
the evidence upon which the master and chancellor based
their findings of fact has not been incorporated into the
record, by certificate of evidence or otherwise.   The find-
ings of fact contained in the master's report and the de-
cree justified the court in entering the decree which it
did, and all the evidence upon which such findings were
based not being before this court, it will be presumed the
evidence heard below was ample to sustain the findings.
*Allen* v. *Henn*, 197 Ill. 486.

The Appellate Court, when the case was there, filed
an opinion, which, in part, is as follows:

"The principal ground of contention is, that the mas-
ter adopted and the court approved a wrong method of
accounting.   *   *   *   It appears that both before and
after A. C. Ernst joined the firm there were monthly set-
tlements between the partners, and the net profits due
to each on account of the business done during the pre-
ceding month was then ascertained, whereupon the two

Ernsts usually drew, in cash, what was coming to them, but Schmitz permitted his share of the net profits to remain in the business. The master, after giving credit to the two Ernsts for the amounts which the books showed the firm to be owing to each of them at the time of the dissolution, found that the balance of the assets of the concern should be credited to Schmitz, and stated the account upon that basis. Under the circumstances we think the master was right in so doing. It is also claimed, first, that an account was stated between the partners October 14, 1896, which was improperly disregarded by the master; second, that there were undivided profits for which no credit was given to the defendants; and third, that the cross-bill of J. H. Ernst should not have been dismissed. After a careful consideration of the record and the briefs of counsel we are of opinion that there is no error in either of these regards."

The record in this case contains in the neighborhood of one thousand and the abstract one hundred and forty pages. On the first page of the abstract is printed what purports upon its face to be a meager index of the record. The abstract, however, is not indexed. Rule 14 of this court provides: "The abstract shall contain a complete index, alphabetically arranged, giving the page where each paper or exhibit may be found, with the names of the witnesses and the pages of the direct, cross and re-direct examination." A compliance with this rule requires that the court be furnished with an abstract of the record, properly indexed. To require this court to search back and forth through a pamphlet of one hundred and forty pages to find each paper or exhibit or the testimony of the various witnesses as it becomes necessary to examine the same while the case is being considered or the opinion prepared, is a useless waste of the court's time, and it was held in *Chadwick* v. *People*, 206 Ill. 122, the court would refuse to consider a case upon its merits when thus presented. In the shape this appeal

comes to us, it might well have been dismissed for a failure to comply with rule 14. We have, however, read the briefs and examined the abstract and record and have found no reversible error therein. The opinion of the Appellate Court, in our judgment, properly disposed of the case.

The judgment of the Appellate Court will therefore be affirmed.